EXHIBIT
A

Filed
6/3/2026 11:51 AM
Esther Degollado
District Clerk
Webb District
Belinda Reyes
2026CVK001048D1

CAUSE NO.: 2026CVK001048D1

| | | |
|---|---|---|
| JOSEPH ALAKE | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | _____ JUDICIAL DISTRICT |
| | § | |
| BARNARD CONSTRUCTION | § | |
| COMPANY, INCORPORATED | § | |
| Defendant. | § | WEBB COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, Joseph Alake, and files this Original Petition complaining of Defendant, Barnard Construction Company Incorporated, and for cause of action would show the Court the following:

I.

DISCOVERY

1.1     Plaintiff intends to conduct discovery under Rule 190.3 (Level 2) of the Texas Rules of Civil Procedure.

II.

THE PARTIES

2.1     Plaintiff is an individual who can be contacted through counsel.

2.2     Defendant  Barnard Construction Company Incorporated is an entity that may be served through its registered agent, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

III.

JURISDICTION, VENUE AND CONDITION PRECEDENT

3.1    The amount in controversy exceeds the jurisdictional minimum amount in controversy for this Court. Plaintiff seeks monetary relief over $1,000,000.

3.2    Pursuant to Texas Civil Practice and Remedies Code §15.002, venue is proper in Webb County, Texas, as it is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

3.3    All conditions precedent have been performed or have occurred.

IV.

FACTS

4.1    Plaintiff was hired to work at for Barnard Construction Company, Incorporated as a Project Manager on October 28, 2024.

4.2    Plaintiff received his first assignment in November, 2024 as a Project Engineer in Laredo, Texas. In January, 2025, Plaintiff relocated to Laredo, Texas. Plaintiff was terminated on January 13, 2026 while on assignment in Texas.

4.3    In September 2025, Plaintiff received a performance review conducted via call. The review was overall positive, noting: Strong collaboration and communication; respectful attitude; coworkers comfortable working with you, more experience than peers, frequently assisted others in achieving company goals, strengths in scheduling, cost control, and completing complex tasks efficiently; and only minor improvement areas mentioned.   There  was no indication of poor performance, misconduct, or insubordination. In Plaintiff's performance review, he mentioned he wanted to be placed in a position that directly reflects the role he was hired for (Project Manager). Plaintiff felt

he was being discriminated against (race, and country of origin) given other members on the team with PM tittles were assigned PM roles and Plaintiff wasn't. Also, Plaintiff was more experienced than the other PMs.   No follow up warnings, written or verbal, were ever issued.

4.4    During October-December 2025, Plaintiff continued to have a Strong Performance review. He successfully managed a subcontract that produced a significant profit margin in under two months. Prior to review, Plaintiff executed his scopes under budget and within schedule, hence yielding profit.  He maintained strong relationships with internal and external stakeholders. He frequently assisted coworkers with resolving issues. There were no complaints, discipline, or performance concerns raised.

4.5    For over a month before termination his , no major tasks were assigned, yet Plaintiff continued supporting the team and project overall.

4.6    On January 13, 2026 Plaintiff was terminated.  Plaintiff was called into office by Vice President, another witness present. HR Director and company legal counsel joined by phone. Plaintiff was informed termination was effective immediately.  The Defendant alleged: Failure to perform job duties; inability to collaborate or meet deliverables; acts of insubordination; poor September 2025 performance review and failure to improve.   These claims contradict the documented performance review and work history, are false, and are a pretext for discrimination.

4.7    Plaintiff was presented with a six page severance agreement on the spot. Plaintiff was under significant stress and confusion, standing in the room with multiple senior personnel waiting for his response, and not given time to review and not informed of his right to consult an attorney.  Plaintiff was pressured to sign immediately.  Plaintiff signed under duress. Severance included: two weeks pay, one week vacation, two months COBRA premiums.

4.8    The employer stated reasons are pretextual. Documented performance contradicts their claims. Plaintiff's September 2025 review was not poor. No warnings, PIPs, coaching, or corrective actions were ever issued. There was no evidence of insubordination or interpersonal issues. Plaintiff was trusted with and successfully completed high value work. Defendant cannot produce supporting evidence stating otherwise. There are witnesses who can attest to Plaintiff's work ethic and conduct. The company has no documentation of performance issues because the alleged issues never occurred.

4.9    Plaintiff was never assigned a role for which he was hired. This goes against Plaintiff's contract. Plaintiff was the only foreign worker and a person of color, making him more vulnerable to targeting.

4.10    As an expatriate with limited local ties, they may have assumed Plaintiff was less likely to challenge the termination.

4.11    There was no legitimate, documented performance basis for termination. There was a sudden shift from positive performance to termination without warning. Plaintiff was the only foreign worker and person of color on the team. Company procedures were not followed in Plaintiff's case. Defendant's stated reasons conflict with documented evidence. There was no progressive discipline or performance management. Plaintiff noted in his review that he wanted to be assigned to a role that reflects the position he was hired for. The Severance Agreement was signed under duress, without time to review. Plaintiff was not informed of his right to counsel. It contains illegal or unenforceable provisions, including waivers of rights that cannot legally be waived. Plaintiff has rescinded the Severance Agreement.

V.

CAUSES OF ACTION

5.1    The allegations contained in Paragraph 4.1-4.11 are hereby incorporated by reference for all causes of action.

**Discrimination under the Texas Commission on Human Rights Act**

5.2    The conduct of Defendant towards Plaintiff, through its agents, employees, managers, and supervisors, as set forth above, among other activities, constitutes race and national origin discrimination, in direct violation of §21.001, et. seq., Labor Code, Vernon's Texas Codes Annotated, which states, in pertinent part, that:

> "An employer commits an unlawful employment practice if ... the employer ... discriminates against an individual ... or ... classifies an employee ... in a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any manner the status of an employee."

5.3    Plaintiff is a member of a protected class and was selected for unfavorable treatment by Defendant, including his termination, because of his race and national origin. There is no legitimate non-discriminatory reason for Defendant's actions, and if such a reason is propounded, it is a pretext. Plaintiff's age, gender and national origin was a determining or motivating factor in Defendant' decision to terminate Plaintiff's employment and otherwise discriminate against him. Unlawful discrimination moved Defendant toward its decision or was a factor that played a part in Defendant's employment decisions as to Plaintiff. The unlawful practices committed by Defendant were and are a direct cause of Plaintiff's damages, as more fully set forth below.

.

## VI.

## DAMAGES

6.1    As a result of Defendant' unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages or back pay, interest on back pay and front pay, future wages or front pay, employment benefits in the past and future, lost earnings in the past and future, and all lost benefits under the contract or employment relationship.

## VII.

## COMPENSATORY DAMAGES

7.1    Defendant have intentionally engaged in unlawful employment practices. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, injury to credit standing, job search expenses, lost earning capacity in the past and future, and other pecuniary and non-pecuniary losses.

## VIII.

## ATTORNEYS' FEES AND EXPERT FEES

8.1    A prevailing party may recover reasonable attorneys' fees, expert fees, and costs. SEE TEX. LAB. CODE §21.259. Plaintiff brings suit for these fees from Defendant. Plaintiff seeks all reasonable expert fees and attorneys' fees in this case, including preparation and trial of this lawsuit, post-trial, pre-appeal work, any appeal to the Texas Court of Appeals, making or responding to an application for writ of error to the Texas Supreme Court, an appeal to the Texas Supreme Court if an application for writ of error is granted, and post-judgment discovery and collection in the event execution on the judgment is necessary.

## IX.

## PUNITIVE DAMAGES

9.1   Defendant has acted with malice or reckless indifference to Plaintiff's rights. Defendant, by engaging in the aforementioned acts and/or in authorizing and/or ratifying the aforementioned acts, engaged in willful, malicious, intentional, and oppressive conduct and acted with willful and conscious disregard, or alternatively reckless disregard or indifference of the rights, welfare, and safety of Plaintiff, therefore justifying the award of punitive and exemplary damages in an amount to be determined at trial.   Therefore, Plaintiff additionally brings suit for punitive damages and exemplary damages.

## X.

## JURY DEMAND

10.1   Plaintiff demands a trial by jury of all the issues and facts in this case and has tendered the requisite fee with the filing of this lawsuit.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and, upon final trial, Plaintiff have Judgment against Defendant as requested above, and as follows:

1.   Judgment against Defendant for all damages alleged in this petition;

2.   Interest before and after judgment at the highest rate provided by law, until paid;

3.   Costs of suit;

4.   Reasonable and necessary attorneys' fees and expert witness fees;

5.   Injunctive and declaratory relief; and

6.      Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

THE MELTON LAW FIRM, P.L.L.C.
6001 Bold Ruler Way, Suite 100
Austin, Texas 78746
(512) 633-9059 Telephone

/s/ *John F. Melton* _____

John F. Melton
jmelton@jfmeltonlaw.com
State Bar No. 24013155
ATTORNEYS FOR PLAINTIFF

Dated: June 2, 2026.

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

John Melton
Bar No. 24013155
jmelton@meltonkumler.com
Envelope ID: 115679440
Filing Code Description: Petition
Filing Description: PLAINTIFF'S ORIGINAL PETITION
Status as of 6/3/2026 2:11 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Paige Densman | | paige@jfmeltonlaw.com | 6/3/2026 11:51:48 AM | SENT |
| John Melton | | jmelton@jfmeltonlaw.com | 6/3/2026 11:51:48 AM | SENT |