Filed
7/6/2026 9:58 AM
Esther Degollado
District Clerk
Webb District
Graciela Rosales
2026CVK001048D1

**EXHIBIT D**

CAUSE NO. 2026CVK001048D1

| | | |
|---|---|---|
| JOSEPH ALAKE, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | 49TH JUDICIAL DISTRICT |
| BARNARD CONSTRUCTION | § | |
| COMPANY, INCORPORATED, | § | |
| *Defendant.* | § | |
| | § | WEBB COUNTY, TEXAS |

## DEFENDANT BARNARD CONSTRUCTION COMPANY, INC.'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION SUBJECT TO ITS SPECIAL APPEARANCE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant Barnard Construction Company, Inc. (hereinafter "Defendant"), Defendant in the above-entitled and numbered cause, and files this, its Original Answer to Plaintiff Joseph Alake's Original Petition and, in support thereof, respectfully shows this Honorable Court the following:

### I.    GENERAL DENIAL

1.    Defendant generally denies the allegations contained in Plaintiffs' live Petition, stating that the allegations therein are not true, either in whole or in part, and demands strict proof thereof by a preponderance of evidence and further, to the extent that Plaintiff seeks exemplary damages at any time in this action, clear and convincing evidence.

2.    Defendant reserves the right to amend this answer to assert other and further defenses as discovery and investigation warrant.

---

**DEFENDANT BARNARD CONSTRUCTION COMPANY, INCORPORATED'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION SUBJECT TO ITS SPECIAL APPEARANCE        PAGE 1 OF 6**

## II.    AFFIRMATIVE DEFENSES

Should such prove necessary, Pursuant to Tex. R. Civ. P. 94, Defendant affirmatively pleads the following defensive matters by way of excuse or avoidance, additionally and alternatively:

3.    Defendant pleads the laws of the State of Montana control any dispute regarding the details of Mr. Alake's employment with Barnard.  The laws of the State of Texas do not apply to the relationship.  As such, the claims plead in Mr. Alake's petition have no legal basis as Texas law do not apply, the Plaintiff has failed to state a claim.  Barnard asks that the court take judicial notice of the laws of the State of Montana regarding the claims asserted by the Plaintiff.[1]

4.    Defendant asserts that the Plaintiff has failed to state claim against the named Defendant and has named the incorrect party in his lawsuit regarding his claims.

5.    Defendant pleads the affirmative defense of waiver.

6.    Defendant pleads the affirmative defense of estoppel.

7.    Defendant pleads that all employment decisions were made for legitimate and non-retaliatory, non-discriminatory reasons. Any alleged employment decisions regarding Plaintiff were not based on his disabilities, sex, or as a result of alleged protected activity.

8.    Defendant pleads that all employment decisions regarding the details

---

[1] Defendant Barnard asserts the additional affirmative defenses in its answer to the Plaintiff's petition without waiving the argument that Texas law does not control and is inapplicable.

and terms of Mr. Alake's termination were made based on his failure to perform the job duties and meet performance expectations.

9.      Defendant pleads that all employment decisions were undertaken in good faith and upon reasonable grounds that their actions complied with the law.

10.      Plaintiff's claims for damages, if any, are subject to an offset with respect to all interim earnings, benefits, and compensation received by the Plaintiff.

11.      To the extent that Plaintiff failed to exercise due diligence in finding comparable employment or otherwise mitigating his damages, if any, his claims for damages are barred by the defense of failure to mitigate. Therefore, the amount of damage to which Plaintiff is entitled, if any, should be reduced by the amount of damages which would have otherwise been mitigated.

12.      In addition to the fact that Montana law controls the terms of the parties agreement, the Plaintiff's damages, if any, were not caused by Defendant. Plaintiff's claims for compensatory and punitive damages under are limited by Chapter 41 of the Texas Civil Practice and Remedies Code. Pursuant to Chapter 41 of the Texas Civil Practice and Remedies Code, Plaintiff cannot recover except by proof upon clear and convincing evidence of the grounds set forth in Texas Civil Practice and Remedies Code Section 41.003 and applicable law.

13.      In addition to the fact that Montana law controls the terms of the parties agreement, Texas law as it relates to the Plaintiff's claims for punitive and/or exemplary damages are inapplicable.  The amount, if any, of punitive or exemplary damages is further limited by statutory and/or common law caps, including but not

limited to Texas Civil Practice and Remedies Code §41.007 (prohibiting prejudgment interest on exemplary damages) and Texas Civil Practice and Remedies Code §41.008(b) (caps on exemplary damages). An award of punitive or exemplary damages also violates the constitutional, statutory and common law protections, including but not limited to Article I of the Texas Constitution, §§13, 14, 16 and 19.

14.    In addition to the fact that Montana law controls the terms of the parties agreement, Texas law as it relates to the Plaintiff's claims for relief under the Texas Civil Practice and Remedies Code are inapplicable. To the extent that §41.011 of the Texas Civil Practice and Remedies Code applies and permits or requires the trier of fact to consider a defendant's net worth as a factor in determining the amount of punitive or exemplary damages, which it should be noted Plaintiff has not sought or obtained any discovery regarding net worth, these provisions of the Texas Civil Practice and Remedies Code violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and the Due Process of Law Clause in the Texas Constitution, Article 1, §§13 and 19. Likewise, to the extent the law of any other forum applies or is alleged to apply to Plaintiff's claims, and to the extent the law of the state permits or requires the trier of fact to consider net worth, these provisions violate the Due Process and Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

15.    To the extent Plaintiff seek to establish that race and/or national origin was a motivating factor in Defendant's alleged actions—which it was not—Defendant would have taken the same action absent the impermissible motivating factor.

16.     Defendant reserves the right to amend its answer and to raise any and all of the defenses which may become apparent in the course of this action as they obtain further information about the claims alleged in Plaintiff's Petition.

### III.     RULE 193.7 NOTICE

17.     Pursuant to Texas Rule of Civil Procedure 193.7, Defendant hereby gives notice to all parties that any and all documents produced may be used against Plaintiff producing the document at any pretrial proceeding and/or trial of this matter without the necessity of authenticating the documents.

### IV.     PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff takes nothing by reason of this suit, that Defendant be discharged and that it go hence with its costs, and for such other and further relief, both general and special, at law and in equity, to which Defendant may be justly entitled.

Respectfully submitted,

**ROBERTS MARKEL WEINBERG BUTLER HAILEY PC**

**LAURA M. CABUTTO**
State Bar No. 00797102
lcabutto@rmwbh.com
**LEIGH T. MCBRIDE**
State Bar No. 24132552
lmcbride@rmwbh.com
1 Cowboys Way, Suite 585
Frisco, Texas 75034
(713) 840-1666
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2026, pursuant to Tex. R. Civ. P. 21a, a true and correct copy of the foregoing instrument was served upon the parties listed below by fax, delivery service, messenger, mail, and/or through the serving party's electronic filing service provider.

*Via e-Serve:*
John F. Melton
THE MELTON LAW FIRM, P.L.L.C.
6001 Bold Ruler Way, Suite 100
Austin, Texas 78746
Tel: (512) 633-9059
jmelton@jfmeltonlaw.com
ATTORNEY FOR PLAINTIFF

LAURA M. CABUTTO

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Stefanie Martinez on behalf of Laura Cabutto
Bar No. 797102
smartinez@rmwbh.com
Envelope ID: 116948220
Filing Code Description: Answer/Response
Filing Description: DEFENDANT BARNARD CONSTRUCTION COMPANY, INC.'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION SUBJECT TO ITS SPECIAL APPEARANCE
Status as of 7/6/2026 10:24 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Paige Densman | | paige@jfmeltonlaw.com | 7/6/2026 9:58:41 AM | SENT |
| John Melton | | jmelton@jfmeltonlaw.com | 7/6/2026 9:58:41 AM | SENT |
| Leigh McBride | | lmcbride@rmwbh.com | 7/6/2026 9:58:41 AM | SENT |
| Laura M.Cabutto | | lcabutto@rmwbh.com | 7/6/2026 9:58:41 AM | SENT |
| Stefanie Martinez | | smartinez@rmwbh.com | 7/6/2026 9:58:41 AM | SENT |
| Lisa Barrett | | lbarrett@rmwbh.com | 7/6/2026 9:58:41 AM | SENT |