IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| JOSEPH ALAKE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:26-CV-1218 |
| | § | |
| BARNARD CONSTRUCTION | § | |
| COMPANY, INCORPORATED, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT BARNARD CONSTRUCTION COMPANY, INCORPORATED'S FIRST AMENDED ANSWER TO PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE COURT:

NOW COMES Barnard Construction Company, Incorporated, Defendant, in the above-styled and numbered cause ("Defendant"), and files this its First Amended Answer to Plaintiff's Original Petition, and in support thereof, respectfully shows this Honorable Court as follows:

## I. DISCOVERY

1.1 No response to Plaintiff's allegations in Paragraph 1.1 of the Original Petition is required as the allegations are conclusions of law.

## II. THE PARTIES

2.1 Defendant admits the facts set forth in paragraph 2.1 of the Original Petition, specifically that Plaintiff is an individual who can be contacted through counsel.

2.2 Defendant denies the allegations set forth in paragraph 2.2 of the Original Petition.

## III.
## JURISDICTION, VENUE AND CONDITION PRECEDENT

3.1 No response to Plaintiff's allegations in Paragraph 3.1 of the Original Petition is required as the allegations are conclusions of law. Alternatively, denied.

3.2 No response to Plaintiff's allegations in Paragraph 3.2 of the Original Petition is required as the allegations are conclusions of law. Alternatively, denied.

3.3 Defendant denies the allegations set forth in paragraph 3.3 of the Original Petition.

## IV.
## FACTS

4.1 Defendant admits the facts set forth in paragraph 4.1 of the Original Petition, specifically that Plaintiff was hired to work for Barnard Construction Company, Incorporated as a Project Manager on October 28, 2024.

4.2 Defendant admits the facts set forth in paragraph 4.2 of the Original Petition, specifically that Plaintiff received his first assignment with Defendant in November 2024 in Laredo, Texas. Defendant also admits that Plaintiff was relocated in January 2026 and terminated on January 13, 2026.

4.3 Defendant denies all the allegations set forth in paragraph 4.3 of the Original Petition.

4.4 Defendant lacks knowledge or information sufficient to form a belief about the trust of the allegations in Paragraph 4.4 of the Original Petition. Alternatively, denied.

4.5 Defendant lacks knowledge or information sufficient to form a belief about the trust of the allegations in Paragraph 4.5 of the Original Petition. Alternatively, denied.

4.6 Defendant lacks knowledge or information sufficient to form a belief about the trust of the allegations in Paragraph 4.6 of the Original Petition. However, Defendant denies the

allegation that the reasons for Plaintiff's termination of employment contradicted Plaintiff's performance review and work history.

4.7 Defendant admits to the fact set forth in paragraph 4.7 of the Original Petition that Plaintiff's severance included two weeks pay, one week vacation, and two months of COBRA premiums. However, Defendant denies all other allegations set forth in paragraph 4.7 of the Original Petition.

4.8 Defendant denies all allegations set forth in paragraph 4.8 of the Original Petition.

4.9 Defendant denies all allegations set forth in paragraph 4.9 of the Original Petition.

4.10 Defendant denies all allegations set forth in paragraph 4.10 of the Original Petition.

4.11 Defendant denies all allegations set forth in paragraph 4.11 of the Original Petition.

## V.
## CAUSES OF ACTION

5.1 No response to Paragraph 5.1 of the Original Petition is necessary. Alternatively, denied.

**Discrimination under the Texas Commission on Human Rights Act**

5.2 Defendant denies all allegations set forth in paragraph 5.2 of the Original Petition.

5.3 Defendant denies the allegations set forth in paragraph 5.3 of the Original Petition.

## VI.
## AFFIRMATIVE DEFENSES

Additionally, and alternatively, Defendant pleads the following affirmative matters by way of excuse or avoidance:

6.1 Defendant pleads the law of the State of Montana controls any dispute regarding the details of Plaintiff's employment with Defendant. The laws of the State of Texas do not apply to the relationship. As such, the claims plead in Plaintiff's Original Petition have no legal basis

as Texas law does not apply, and Plaintiff has failed to state a claim. Defendant asks that the Court take judicial notice of the laws of the State of Montana regarding the claims asserted by the Plaintiff.[1]

6.2 Defendant asserts that Plaintiff has failed to state claim against the named Defendant and has named the incorrect party in his lawsuit regarding his claims.

6.3 Defendant pleads the affirmative defense of waiver.

6.4 Defendant pleads the affirmative defense of estoppel.

6.5 Defendant pleads that all employment decisions were made for legitimate and non-retaliatory, non-discriminatory reasons. Any alleged employment decisions regarding Plaintiff were not based on his disabilities, sex, or as a result of alleged protected activity.

6.6 Defendant pleads that all employment decisions regarding the details and terms of Plaintiff's termination were made based on Plaintiff's failure to perform the job duties and meet performance expectations.

6.7 Defendant pleads that all employment decisions were undertaken in good faith and upon reasonable grounds that their actions complied with the law.

6.8 Plaintiff's claims for damages, if any, are subject to an offset with respect to all interim earnings, benefits, and compensation received by Plaintiff.

6.9 To the extent that Plaintiff failed to exercise due diligence in finding comparable employment or otherwise mitigating his damages, if any, Plaintiff's claims for damages are barred by the defense of failure to mitigate. Therefore, the amount of damage to which Plaintiff is entitled, if any, should be reduced by the amount of damages which would have otherwise been mitigated.

---

[1] Defendant Barnard asserts the additional affirmative defenses in its Answer to the Plaintiff's Petition without waiving the argument that Texas law does not control and is inapplicable.

6.10 In addition to the fact that Montana law controls the terms of the parties' agreement, Plaintiff's damages, if any, were not caused by Defendant. Plaintiff's claims for compensatory and punitive damages under are limited by Chapter 41 of the Texas Civil Practice and Remedies Code. Pursuant to Chapter 41 of the Texas Civil Practice and Remedies Code, Plaintiff cannot recover except by proof upon clear and convincing evidence of the grounds set forth in Texas Civil Practice and Remedies Code Section 41.003 and applicable law.

6.11 In addition to the fact that Montana law controls the terms of the parties' agreement, Texas law as it relates to Plaintiff's claims for punitive and/or exemplary damages are inapplicable. The amount, if any, of punitive or exemplary damages is further limited by statutory and/or common law caps, including but not limited to Texas Civil Practice and Remedies Code §41.007 (prohibiting prejudgment interest on exemplary damages) and Texas Civil Practice and Remedies Code §41.008(b) (caps on exemplary damages). An award of punitive or exemplary damages also violates the constitutional, statutory and common law protections, including but not limited to Article I of the Texas Constitution, §§13, 14, 16 and 19.

6.12 In addition to the fact that Montana law controls the terms of the parties' agreement, Texas law as it relates to Plaintiff's claims for relief under the Texas Civil Practice and Remedies Code are inapplicable. To the extent that §41.011 of the Texas Civil Practice and Remedies Code applies and permits or requires the trier of fact to consider a defendant's net worth as a factor in determining the amount of punitive or exemplary damages, which it should be noted Plaintiff has not sought or obtained any discovery regarding net worth, these provisions of the Texas Civil Practice and Remedies Code violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution

and the Due Process of Law Clause in the Texas Constitution, Article 1, §§13 and 19. Likewise, to the extent the law of any other forum applies or is alleged to apply to Plaintiff's claims, and to the extent the law of the state permits or requires the trier of fact to consider net worth, these provisions violate the Due Process and Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

6.13 To the extent Plaintiff seeks to establish that race and/or national origin was a motivating factor in Defendant's alleged actions—which it was not—Defendant would have taken the same action absent the impermissible motivating factor.

6.14 Defendant pleads justification.

6.15 Defendant denies the claims asserted by the Plaintiff and that the Plaintiff is entitled to any relief in this matter regarding his claims and his request for damages including, but not limited to, actual damages, compensatory damages, attorneys' fees and expert fees, punitive damages,

6.16 Defendant intends to rely upon any other defense that may become available in this case and hereby reserves the right to amend this Answer and assert any such defense.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant requests that the Complaint herein be dismissed in its entirety with prejudice and that Defendant be awarded its costs, attorneys' fees, and such other relief as may be just and proper, after due proceedings herein.

Respectfully submitted,

**ROBERTS MARKEL WEINBERG BUTLER HAILEY PC**

**LAURA M. CABUTTO**
Fed. No. 3887379
Texas State Bar No. 00797102
lcabutto@rmwbh.com
**LEIGH T. MCBRIDE**
Fed No. 3892449
Texas State Bar No. 24132552
lmcbride@rmwbh.com
1 Cowboys Way, Suite 585
Frisco, Texas 75034
(713) 840-1666
**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I certify that on August 17, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all parties appearing on the Court's ECF service list.

**LAURA M. CABUTTO**